# In the United States District Court for the Southern District of Georgia Brunswick Division

UNITED STATES OF AMERICA,    )
                               )
v.    )    CR 2:17-012
                               )
DERRICK J. YOUNG,    )
                               )
    Defendant.    )

## ORDER

Before the Court is Defendant Derrick Young's motion for early termination of supervised release. Dkt. No. 6. For the reasons below, Defendant's motion is **DENIED**.

### BACKGROUND

Pursuant to a written plea agreement, Defendant pleaded guilty in the U.S. District Court for the Northern District of Georgia to Counts 2, 3, 4 and 5 of the Indictment, that is, possession of a firearm in furtherance of a controlled substance offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) (Count 3); possession of a firearm with an altered serial number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B) (Count 4); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 5). On August 24, 2006, Defendant was sentenced to a total

imprisonment term of ninety-seven months. Defendant was further ordered to serve five years of supervised release and pay a $400 special assessment.

On or about April 25, 2013, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision. Jurisdiction of Defendant's supervision was transferred to this Court on April 11, 2017. Dkt. No. 1. On June 13, 2017, the Court revoked Defendant's first term of supervision based on a new law violation and sentenced him to a total of twenty-four months' imprisonment followed by thirty-six months of supervised release. Dkt. No. 5.

On October 2, 2017, after a plea of guilty, Defendant was sentenced to fifty-two months' imprisonment, to be served consecutively to the revocation term, followed by three years' supervised release, for committing the offense of possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 2. <u>United States v. Young</u>, No. 2:16cr27-7 (S.D. Ga.), Dkt. Nos. 273, 342. On January 24, 2022, Defendant was released from imprisonment and commenced his second term of supervised release. He now moves for early termination of same. Dkt. No. 6.

In his motion, Defendant argues that since his release, he has passed the required tests to become a licensed commercial truck driver and is gainfully employed. <u>Id.</u> at 1. He states he

has completed 500 hours in the Drug Abuse Treatment Program and has demonstrated significant personal growth and positive changes since. Id. Defendant also states he is married, has children, has a positive support system, works regularly, and serves his community in various ways. Id. He argues that early release from supervision will allow him to expand his opportunities to provide for his family and community. Id. The Court notes that Defendant has completed twenty-three months of his thirty-six-month term of supervision and has remained in compliance with all conditions of supervision to date.

The Court also takes note of Defendant's criminal history. He has prior convictions of forgery first degree; possession of marijuana, less than once ounce; and purchase, possession, manufacture, distribution, or sale of marijuana.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

3

While the Court commends Defendant for his efforts while under supervision, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offenses of conviction.   After consideration of his offenses, criminal history, prior supervised release violation, and the § 3553 factors, the Court **DENIES** Defendant's motion.  Dkt. No. 6.

**SO ORDERED** this ___3___ day of January, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA